FILED - GR
June 2, 2010 3:49 PM
TRACEY CORDES CLERK
U S DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __ald__ /____ SCANNED BY AlC li 2

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Donald Ritsema,**               )
                                  )
        Plaintiff,                )          1:10-cv-523
                                  )
                                  )   Hon.
        v.                        )          **Robert Holmes Bell**
                                  )          **U.S. District Judge**
**Credit Bureau Collection Services,** )
**Inc.,** also doing business as **CBCS,** )
an Ohio corporation,              )
                                  )
        Defendant.                )
_____ )

**Complaint**

**I.     Introduction**

   1.    This is an action for damages brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.    Jurisdiction**

   2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

   3.    Plaintiff Donald Ritsema is a natural person residing in Kent County, Michigan. Mr. Ritsema is a "consumer" and "person" as the terms are defined and/or used in the FDCPA.

1

Mr. Ritsema is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC.

4. Defendant Credit Bureau Collection Services, Inc., also doing business as CBCS ("CBCS"), is an Ohio corporation with offices at 250 East Town Street, Columbus, Ohio 43215. CBCS maintains a mailing address of P.O. Box 165025, Columbus, Ohio 43216-5025. The registered agent for CBCS in Michigan is CSC-Lawyers Incorporating Service (Company), 601 Abbott Road, East Lansing, Michigan 48823. CBCS uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. CBCS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. CBCS is a "debt collector" as the term is defined and/or used in the FDCPA. CBCS is licensed (No. 2401001780) by the State of Michigan to collect consumer debts in Michigan. CBCS is a "collection agency" and "licensee" as the terms are defined and/or used in the MOC.

### IV. Facts

5. Mr. Ritsema used credit to obtain goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. The original creditor claimed that Mr. Ritsema failed to pay the debt.

7. Mr. Ritsema dispute the alleged debt.

8. Mr. Ritsema refuses to pay the alleged debt.

9. The original creditor or a successor in interest hired CBCS to collect the alleged debt from Mr. Ritsema.

10. Alternatively, CBCS purchased the account after the alleged debt allegedly was in

default.

11.     On or about May 28, 2010 at approximately 10:00 a.m., a CBCS employee telephoned the residence of Mr. Ritsema's neighbor and left the following recorded message on the neighbor's telephone answering machine: "Hi. This message is for Donald Ritsema. If this is not Donald Ritsema, please discontinue listening now. By remaining on this call, you have acknowledged, that you are in fact, Donald Ritsema. We're calling from CBCS. This call is an attempt to collect a debt, any information obtained will be used for that purpose. Please call us back at 1-800-968-6906, and mention reference number 090404092. Again, the number to call is 1-800-968-6906, and mention reference number 090404092."

12.     The message left by the CBCS employee was according to a script used by CBCS employees.

13.     Mr. Ritsema's neighbor reviewed the messages on his residential telephone answering machine and heard in its entirety the above-quoted message left on his residential telephone answering machine by the CBCS employee.

14.     Mr. Ritsema does not reside with his neighbor.

15.     The telephone number dialed by CBCS is not in the name of Mr. Ritsema.

16.     The account associated with the telephone number dialed by CBCS is not in the name of Mr. Ritsema.

17.     The telephone number dialed by CBCS is in the name of Mr. Ritsema's neighbor.

18.     The account associated with the telephone number dialed by CBCS is in the name of Mr. Ritsema's nieghbor.

19.     CBCS knew or should have known that the recorded message it left for Mr.

3

Ritsema on any telephone answering machine might be heard by someone other than Mr. Ritsema.

20. Nothing in the law entitled CBCS to leave a recorded message for Mr. Ritsema on an answering machine.

21. CBCS could have used other methods to communicate with Mr. Ritsema.

22. CBCS could have chosen to communicate with Mr. Ritsema by postal mail.

23. CBCS could have chosen to communicate with Mr. Ritsema by in-person contact.

24. CBCS could have chosen to communicate with Mr. Ritsema by speaking directly to him by telephone.

25. CBCS could have chosen not to leave a recorded message for Mr. Ritsema on an answering machine.

26. CBCS did not obtain the prior consent from Mr. Ritsema to communicate with Mr. Ritsema's neighbor in connection with efforts by CBCS to collect the alleged debt.

27. CBCS violated 15 U.S.C. § 1692c(b) by leaving a recorded message on an answering machine, which communicated to Mr. Ritsema's neighbor that CBCS was attempting to collect an alleged debt from Mr. Ritsema. *Berg v. Merchants Association Collection Division, Inc.*, 586 F.Supp. 1336 (S.D. Fla. 2008).

28. CBCS is a member of ACA International ("ACA").

29. ACA is a trade group for debt collectors. According to the ACA website (www.acainternational.org), CBCS has been a member of ACA for more than ten years.

30. Over the past two or more years, ACA sent multiple writings to its members, warning about the risks associated with violating the FDCPA by leaving a message on an

4

answering machine or voice mail, resulting in an unlawful disclosure to a third party that a consumer allegedly owes a d debt.

31. CBCS knowingly assumed the risk of violating the FDCPA by having its employees leave a scripted message on answering machines and voice mails, stating that CBCS was calling to collect a debt, and knowing that the message might be heard by someone other than the consumer or the consumer's spouse.

32. The CBCS employee meant to speak the words she spoke when leaving the recorded message for Mr. Ritsema.

33. The CBCS employee meant to have the words she spoke recorded on a telephone answering machine.

34. CBCS does not operate a "consumer reporting agency" as the phrase is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

35. CBCS is not employed by a "consumer reporting agency" as the phrase is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

36. Defendant's use of the name "Credit Bureau Collection Services, Inc." falsely represented or implied that CBCS operated or was employed by a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f), in violation of the FDCPA, 15 U.S.C. § 1692e(16), and the MOC, M.C.L. § 339.915a(p).

37. The act and omissions of CBCS and its employee were done intentionally.

38. The act and omissions of CBCS and its employee were done wilfully.

39. CBCS and its employee intentionally and wilfully violated the FDCPA and MOC.

40. As an actual and proximate result of defendant's acts and omissions, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, embarrassment and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V.     Claims for Relief**

### Count 1 – Fair Debt Collection Practices Act

41. Plaintiff incorporates the foregoing paragraphs by reference.

42. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692c(b) by communicating in connection with the collection of a debt with a third party without the prior consent of the consumer given directly to the debt collector;

   b) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   c) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

   d) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
- d) A declaration that defendant's practices violate the FDCPA; and
- e) Such further relief as the court deems just and proper.

### Count 2– Michigan Occupational Code

43. Plaintiff incorporates the foregoing paragraphs by reference.

44. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

- a) Defendant violated M.C.L. § 339.915(m) by bringing to public notice that the consumer is a debtor;
- b) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and
- c) Defendant violated M.C.L. § 339.915a(p).

**Wherefore,** plaintiff seeks judgment against defendant for:

- a) Actual damages pursuant to M.C.L. § 339.916(2);
- b) Treble the actual damages pursuant to M.C.L. § 339.916(2);
- c) Statutory damages pursuant to M.C.L. § 339.916(2); and
- d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: June 2, 2010

_____
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503
(616) 776-1176
ConsumerLawyer@aol.com